Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| In re | Chapter 13 Case No. 21-40945-WJL13 |
|---|---|
| **Mary Tilbury** | |
| Debtors | Chapter 13 Trustee's Objection to Amended Chapter 13 Plan and Motion to Dismiss |

## Plan Objection Information

Chapter 13 Trustee ("Trustee") Objects To:  Amended Chapter 13 Plan
Filed: August 06, 2021
Docket#: 19

## Motion To Dismiss Information

☐ Trustee Seeks To Dismiss or Convert the Case
Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A which may result in dismissal of the above captioned case in the absence of a timely response.

(See II. Motion To Dismiss Below)

## Case Information

Petition Filed: July 19, 2021        Attorney Name: CALIFORNIA RURAL LEGAL ASSISTANCE INC

|I. Objection|
|---|

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

|(A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326|
|---|

☐   (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐   (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐   (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐   (4) The plan unfairly discriminates between a class or classes of unsecured claims.[11 U.S.C.§1322(b)]

Facts:

☐   (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐   (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☐   (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan.  [11 U.S.C.§1325(a)(6)]

Facts:

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☐ (15(a)) Other:

Facts:

☑ (15(b)) Other:   Incomplete and/or inaccurate schedules

Facts: Voluntary petition no. 9 lists the incorrect petition filing date regarding case # 21-40188 E13. Schedule A/B no. 1.2 fails to disclose the value of debtor's interest in land located in Mississippi. According to Schedule I, Debtor receives income from oil royalties. Schedule A/B should be amended to disclose Debtor's interest in, and the value of, the oil royalties.

**(B) Local Rules and General Orders**

☐ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after December 1, 2017.

Facts:

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18) The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☑ (19) Other: MMP Program, Plan Needs to be Served

Facts: Debtor needs to serve the plan with 21 days' notice and opportunity to object. Debtor has not used the standard MMM language as required by the court. Debtor should refer to the court's "Plan instructions" for standard language. The MMM process will need to be completed prior to confirmation of the plan.

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☐ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

☐ (6) Other cause:

Facts:

### III. Trustee's Recommendation/Analysis

☐ The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐ That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: August 23, 2021

/s/ Trustee Martha G. Bronitsky
Trustee Martha G. Bronitsky
Chapter 13 Standing Trustee

# Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 23, 2021

/s/ Tiffany Chow
Tiffany Chow

Mary Tilbury
4616 Stauffer Place
Oakland,CA 94619

California Rural Legal Assistance Inc
1160 N Dutton Ave #105
Santa Rosa,CA 94501

Debtor

(Counsel for Debtor)